**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50122 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00916-PA-1 |
| v. | |
| VICTOR GARCIA SANTOS, AKA Victor Garcia-Santos, AKA Victor Santos, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted July 9, 2014
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Defendant-Appellant Victor Garcia Santos (Santos) appeals his convictions

and 30-month sentence imposed following his guilty plea to two counts of

possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B), and (b)(1)(C). Santos contends that the district court erred by denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

his motion to suppress heroin discovered in his car. Santos also appeals the written judgment insofar as one condition of supervised release differs from a condition orally pronounced at his sentencing hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reviewing the district court's legal conclusions de novo and its underlying factual findings for clear error, *see United States v. I.E.V.*, 705 F.3d 430, 434 (9th Cir. 2012), we conclude that the motion to suppress was properly denied.

Under the totality of the circumstances, the officers' use of guns to detain Santos did not transform an investigatory stop into an arrest, and therefore, the officers did not need probable cause to detain Santos; reasonable suspicion, which they had, was enough. *See Green v. City & Cnty. of San Francisco*, 751 F.3d 1039, 1047-49 (9th Cir. 2014). Santos was a suspected narcotics trafficker and he reached under his seat cushion in response to the officers' approach, indicating that he was possibly reaching for a weapon. *See Haynie v. Cnty. of Los Angeles*, 339 F.3d 1071, 1076-77 (9th Cir. 2003). Drawing firearms was a reasonable response to legitimate officer safety concerns. *See, e.g., Gallegos v. City of Los Angeles*, 308 F.3d 987, 991 (9th Cir. 2002).

Because Santos appeared to reach under his seat cushion when he saw the officers approach, the officers were permitted to remove him from the car, frisk

2

him, and conduct a protective search of "the area within [Santos'] immediate control . . ." *Michigan v. Long*, 463 U.S. 1032, 1048 (1983) (citation omitted). When they did, they lawfully found drugs under his seat. *See id*.

Finally, the written judgment controls over the ambiguous and apparently misstated oral pronouncement of sentence. *See United States v. Napier*, 463 F.3d 1040, 1043 (9th Cir. 2006).

**AFFIRMED**.